[S. F. No. 626.   Department Two.—November 2, 1897.]

## CHARLES D. WHEAT, Receiver, Appellant, v. BANK OF CALIFORNIA, Respondent.

PARTNERSHIP—DISSOLUTION AND ACCOUNTING—INTERVENTION—DISPUTE AS TO PERSONS CONSTITUTING PARTNERSHIP—JUDGMENT FOR INTERVENORS—POWER OF RECEIVER—ACTION AGAINST BANK.—A receiver appointed at the instance of plaintiff in an action for an accounting and dissolution of an alleged partnership between plaintiff and defendant, to collect the assets of that partnership, has no power to institute an action against a bank to recover the proceeds of the sales of property belonging to a partnership between the defendant and one who had intervened in the action for an accounting and dissolution of partnership, averring that he was a partner with defendant in the alleged partnership business, and that plaintiff was not such partner, and in whose favor judgment had been rendered prior to the commencement of the action by the receiver, for a dissolution and accounting of the partnership between the intervenor and the defendant; and where such receiver, in the action against the bank, alleged special authority to collect such proceeds of sales as were held by the bank, a finding against such authority, which has support in the evidence, is fatal to any recovery by the receiver against the bank.

ID.—PROMISE OF BANK TO INTERVENOR—WANT OF CONSIDERATION—NOTICE BY INTERVENOR—STATUS OF RECEIVER AND BANK NOT AFFECTED.—A promise made by the cashier of the bank to the intervenor and his attorney, that he would hold the fund sought to be recovered by the receiver until the litigation was fully determined, not supported by any consideration, is of no binding force and effect; and neither such promise, nor any notification given by the intervenor to the bank that he was a. party to the litigation, and claimed. an interest in the funds held by the bank, whatever rights purely personal to himself might be created thereby, could in any way affect the legal status between the receiver and the bank.

FINDINGS—SUPPORT BY EVIDENCE—REVIEW UPON APPEAL.—Where a finding which absolutely points the judgment against the appellant is supported by the evidence, the fact that other findings are not supported by the evidence becomes immaterial, and is not ground of reversal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

George A. Rankin, and Henry E. Highton, for Appellant.

James M. Allen, for Respondent.

GAROUTTE, J.—Jones brought an action against Richter, alleging a partnership in the business of selling street railway cables, and asked for the appointment of a receiver, an accounting, and a decree of dissolution. Subsequently Seale intervened, setting out that he was a partner of Richter in the business of selling cables, and that Jones was not. He also asked for an accounting and a dissolution of the partnership. Upon the aforesaid application of Jones one Bisbee was appointed receiver by the judge, "to collect, . . . . the outstanding debts and moneys due, or to become due, on account of the partnership alleged in the complaint herein to exist between plaintiff and defendant," and to receive and take possession of all the property of said partnership upon filing a bond, etc. Soon after the intervention of Seale there came into the possession of the Bank of California about two thousand six hundred dollars, the net proceeds of the sales of two cables. This money was held under a certificate of deposit made out in favor of Thomas Brown, cashier. Bisbee, the receiver, notified the bank of his appointment.

Seale and his attorney notified the bank that, he, Seale, was a partner with Richter in the business of selling cables, and that he had filed a complaint in intervention in the litigation between Jones and Richter, and instructed Brown, the cashier of the bank, not to pay out the money held by the bank until the final result of the litigation was declared. It is now claimed by Seale and his attorney that Brown so agreed to do. Thereafter Bisbee, the assignee, died, and Wheat, the present plaintiff, was appointed in his stead, "with the same powers conferred on his predecessor." Pending the application for the appointment of Wheat, Jones and Richter, in company with their attorneys, presented themselves to the Bank of California, and upon representing that their differences had been settled, the certificate of deposit was turned over to them, and the proceeds divided. Wheat thereafter being appointed assignee, brought this action against the bank to recover the money represented by the certificate. Prior to the commencement of the action the partnership litigation between Jones, Richter, and Seale had come to judgment, and by that judgment it was declared that Jones was not a partner with Richter in the cable business, but that Seale was such partner.

There appears to be some evidence in the record appertaining to an injunction issued in an action entitled *Bisbee v. Richter,* but we attach no importance to it. Likewise we attach no importance to the promise made by Brown to Seale and his attorney (conceding there was such a promise), that he, Brown, would hold the money until the litigation was finally determined. There was no consideration for such a promise, and it had no binding force and effect. From the standpoint at which we view the case it is unnecessary to consider whether or not liabilities and rights were fixed by the notification given to Brown by Seale and his attorney, to the effect that Seale was a party to the litigation and claimed an interest in the fund. If Seale created rights in his behalf by the course adopted, they were rights purely personal to himself, and in no way affected the legal status existing between the receiver and the bank.

Plaintiff Wheat, as receiver, now brings this action to recover from the bank the sum held by it as the net proceeds of certain cable sales. He is not authorized to bring the action; his powers

are not broad enough. Those powers are measured by the order of the judge appointing him receiver; and by that order he is only authorized to deal with the property of the partnership of Jones and Richter. It is conceded by appellant that the property involved in this litigation was the property of the partnership of Richter and Seale. The receiver, under the order appointing him, had no power to collect or sue for the property of that partnership, and necessarily must fail in this action for that reason. The complaint states that Bisbee was appointed receiver with power to receive, collect, take, and keep possession of all the property and assets of said partnership, *"and especially of all the proceeds of the sales of said wire cables mentioned in said action."* This allegation was most material to the statement of a cause of action, and an absence of it would have been fatal to the sufficiency of the pleading. Yet plaintiff wholly failed at the trial to prove that the receiver had any power or control whatever over the proceeds of the sales of said cables. And the finding of the court as to that fact is directly opposed to this allegation of the complaint.

It is further claimed by the appellant that many of the findings of the court are without support in the evidence. Let the claim be conceded, still the finding to which we have referred has support in the evidence, and that finding absolutely points the judgment against appellant, whatever may be the real facts as to other matters alleged in the complaint.

For the foregoing reasons the judgment and order are affirmed.

McFarland, J., and Van Fleet, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion on the 2nd of December, 1897:

BEATTY, C. J.—I dissent from the order denying a rehearing in this cause. The only point decided by the court is that neither Bisbee, nor his successor in the receivership, ever had title to the fund in the hands of defendant. This decision is placed upon the ground that since the receiver was only authorized to take possession of the property of the partnership, alleged

by Jones to have existed between him and Richter, and since it was finally determined that there was no such partnership, he never got title to any property.

The order appointing the receiver is to be construed in the light of the circumstances as they existed at the time it was made, and, when those circumstances are taken into account, I think the evidence is ample and uncontradicted to sustain the allegation printed in italics in the opinion of the court; the allegation, that is to say, that Bisbee was appointed with power to take and keep possession "especially of all the proceeds of the sales of said wire cables mentioned in said action."

When the order appointing Bisbee was made, there was nothing before the court except the complaint in *Jones v. Richter*, and the complaint being expressly referred to in the order, its contents are imported into the order so far as necessary for the purpose of construction.

Turning to the complaint in that action, we find that the only property specifically described in it is the fund (then in the hands of Falkner, Bell & Co., but subsequently transferred to the defendant) "arising out of said business," i. e., the sale of wire cables.

At the time of making the order, and long afterward, it was one of the points in dispute in *Jones v. Richter* whether or not those parties were in fact partners. But they were all the time "alleged" partners, and this fund was particularly described as the property of the "alleged partnership." There is no doubt that the court had jurisdiction over it from the beginning to the end of the litigation, before and after the intervention of Seale, and the only question is whether its order so described it on the day it was made that the receiver could have lawfully demanded its possession. That the description was sufficient for that purpose I cannot doubt. This particular fund was described in the complaint as a debt due to the partnership therein alleged, and by the terms of the order the receiver was to take possession of all "moneys due or to become due on account of the partnership alleged in the complaint herein."