[Civ. No. 10921.   Second Appellate District, Division Two.—April 29, 1936.]

ESTHER BERKOWITZ, Appellant, v. TYDERKO, LTD. (a Corporation), et al., Respondents.

Burnett Wolfson and Earl I. Swetow for Appellant.

Thatcher J. Kemp for Respondents.

GOULD, J., *pro tem.*—By instruments dated September 30, 1930, defendant Tyderko, Ltd., sold to one Braunstein certain real property for $30,800, the purchase price payable on or before one year. The purchaser gave back a third deed of trust upon the property sold for the full amount of the purchase price, and as further security for the payment by Braunstein of the purchase price plaintiff and her husband, the latter since deceased, gave to the vendor two notes in the aggregate sum of $30,800, secured by deeds of trust upon real property. The agreement signed by plaintiff recited that the note and deeds of trust were given "not only as security for the payment . . . of the purchase price of $30,800 . . . but also as an inducement for [Tyderko, Ltd.] . . . to make said sale to the said . . . Braunstein". When the purchaser failed to make payment upon the principal obligation defendant vendor initiated proceedings for the sale of the properties under the Berkowitz deeds of trust. This action to enjoin the sale, for cancellation of the Berkowitz deeds of trust and and notes and to quiet plaintiff's title to the real property de-

scribed in the deeds of trust followed. Judgment went for defendants and plaintiff appeals.

The entire controversy arises from a letter dated October 6, 1930, given by the president of Tyderko, Ltd., to the purchaser, Braunstein, in which the latter was informed that if a payment of $5,000 on account of the purchase price of $30,800 was made on or before one year after September 30, 1930, and no other defaults existed, then a "grace period" of six months from and after September 30, 1931, would be allowed for payment of the balance of the purchase price principal. By granting this six months' extension in the payment of the principal obligation without her consent or knowledge, appellant claims that she as surety was thereby released.

■ The trial court found that the transactions between the parties represented by the various instruments dated September 30, 1930, became fully operative and binding before the letter of October 6. There was substantial evidence in support of this finding, the September 30th papers all having been signed before October 6th, and according to the testimony of at least one witness having been delivered and placed in escrow several hours before the writing and delivery of the letter of October 6th. · The determination of this fact being binding upon appeal, it follows that the letter of October 6th was not a part of the original transaction of sale, and to constitute an alteration of the original agreement so as to relieve the surety would have to be supported by a separate consideration. ■ The writing itself carries the presumption of a consideration, but this presumption may be overcome by testimony to the contrary. (*Braun* v. *Crew*, 183 Cal. 728 [192 Pac. 531].) In the case before us the testimony was positive and undisputed that no consideration of any kind passed to Tyderko, Ltd., for the extension of time granted by the letter of October 6th, and the court so found. The conclusion inescapably follows that there could be no enforcement of the extension granted, that the original Braunstein obligation was not altered or modified, and that consequently appellant as surety upon that obligation was not released or discharged. (*Stroud* v. *Thomas*, 139 Cal. 274 [72 Pac. 1008, 96 Am. St. Rep. 111].)

■ Appellant insists that because the contract between Braunstein and respondent, Tyderko, Ltd., was executory only,

and because no default had occurred and no part of the debt was then due, no consideration was necessary for the modification in the terms of payment as set forth in the letter of October 6th, that the modification was enforceable without consideration, and that by reason of these facts appellant was released and discharged. Cases such as *Moore* v. *Markel,* 112 Neb. 743 [201 N. W. 147], are cited in support of the contention that no new consideration is necessary to support a modification of an executory contract. We are constrained to hold, however, that the decisions of this state do not sustain appellant's position, the law as it stands being expressed typically in *Main Street etc. Co.* v. *Los Angeles Traction Co.,* 129 Cal. 301 [61 Pac. 937], which holds that an agreement adding to the terms of an existing agreement between the same parties, and by which new and onerous terms are imposed upon one of the parties without any compensating advantage, requires a consideration to support it. It is obvious that the letter of October 6th added "new and onerous terms" to the agreement of September 30th, to wit, that respondent forbear for a period of six months the collection of the sum of $25,800. The law of this state recognizing no distinction in favor of executory contracts in this regard, and the trial court having determined upon substantial evidence that the letter of October 6th constituted no part of the agreement of September 30th, appellant may not thereby be relieved of her contract.

While many other points are discussed by counsel in their several hundred pages of briefs, both sides agree that the "crux of the litigation" is the effect to be given to the letter of October 6th, and other matters are of minor moment.

It is apparent without citation of authority that there was consideration for the Berkowitz notes and deeds of trust, Reference to the recital in the agreement that they were given "not only as security . . . but also as an inducement" for the sale to Braunstein suffices to answer the contention as to consideration.

It is contended that error was committed in excusing the witness Kemp, an attorney at law, from testifying upon the ground that the matters sought to be elicited were privileged as being confidential communications from a client. We agree with appellant that the protection of privilege should not have been granted as to the particular testimony

involved, because it appears that the communication to the attorney in this instance was not intended to be confidential and therefore could not be withheld upon the ground of privilege. (*Sharon* v. *Sharon*, 79 Cal. 633 [22 Pac. 26, 131].) But even if erroneous, the ruling was harmless, because the same matters were otherwise elicited. It is apparent that appellant suffered no prejudice and that the rulings complained of resulted in no miscarriage of justice.

There is lengthy discussion by appellant of findings alleged to be unsupported by evidence or contradictory, inconsistent or immaterial. No useful object would be served by reviewing all these matters in detail. It is enough that the record discloses findings on all material matters sufficient to support the judgment, and that these findings in turn derive their support from substantial evidence. (*Wheat* v. *Bank of California*, 119 Cal. 4 [50 Pac. 842, 51 Pac. 47].) Judgment affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 25, 1936.