[L. A. No. 16784. In Bank.—Oct. 16, 1941.]

LOUISA S. VALLE, Plaintiff and Appellant, v. MINNIE H. INGRAM et al., Respondents; LOVINA G. VALLE et al., Cross-Defendants and Appellants.

762

Newby & Newby, Dee Holder and Charles D. Warner for Appellants.

Oliver O. Clark for Respondents.

CARTER, J.—This is an appeal from a judgment entered in a quiet title action. Judgment went against plaintiff, Louisa S. Valle, on her complaint and in favor of the defendant and cross-complainant, Minnie H. Ingram, quieting the latter's title to an undivided one-third interest in the real property here involved. The effect of the decree is to leave a two-thirds undivided interest in the plaintiff. The cross-complainant, Minnie H. Ingram, acquired her one-third interest by means of a conveyance to her by Lovina G. Valle, niece of plaintiff and a cross-defendant herein, which conveyance was made while title to the property, originally belonging to plaintiff, stood in the name of said grantor. Such conveyance was made to the cross-complainant at the request of her husband, J. E. Ingram, an attorney, who was entitled thereto in discharge of a contingent fee due him for legal services rendered to plaintiff in connection with the recovery of her properties.

It appears that plaintiff, Louisa S. Valle, a widow, was the owner of considerable property in Los Angeles County, including three parcels referred to as the "Central Avenue property," the "Jackson-San Pedro property," and the "28th Street property." The last named parcel is the subject of this litigation. Prior to 1934 the plaintiff had appointed one Dunn her agent to manage and handle her properties. A general power of attorney had been executed by plaintiff to Dunn and it was the latter's misuse of such power which caused plaintiff after Dunn's death to consult with and employ the defendant, J. E. Ingram, for the purpose of taking whatever legal steps were necessary to recover her properties from the estate of Dunn or any others claiming through him. Dunn always had represented himself to plaintiff as a single man and plaintiff's suspicions were aroused as to his handling of her properties when a person claiming to be his widow presented herself at his funeral.

In all negotiations with Ingram, while employed by plaintiff as attorney to recover her properties, the plaintiff either was accompanied or represented by her nephew and niece, the cross-defendants Albert M. Valle and Lovina G. Valle. As consideration for his services in this respect, Ingram specified as his fee fifty per cent of the property recovered and a nominal money retainer, the latter being paid in in-

stallments. Though plaintiff first consulted Ingram in July, 1934, with respect to his employment for the purpose designated, it was not until September, 1936, that the terms of such agreement were reduced to writing. In the two-year interval, however, Ingram, according to his testimony, had rendered extensive service by way of conferences, investigations, both in and out of the city and county of Los Angeles, research, drawing of instruments, directing and probate of Dunn's estate, and many other efforts all directed to the ultimate recovery of plaintiff's properties and the clearing of the titles thereto. Ingram's employment as attorney continued until March, 1937, when he was discharged. The deed conveying the one-third interest in the 28th Street property to Ingram's wife in partial discharge of his fee antedated the termination of the employment.

In the course of his investigation and research, Ingram discovered that Dunn had sold and conveyed the Central Avenue and the Jackson-San Pedro properties to third persons but had failed to account to plaintiff for the proceeds. Neither parcel, however, had been conveyed under Dunn's power of attorney but instead each had been transferred by deed bearing the forged signature of the plaintiff. Ingram testified that he also discovered that Dunn at the time of his death had held an unrecorded deed from the plaintiff to himself covering the 28th Street property here involved, and that this deed was in the possession of Dunn's widow who was concealing herself and the existence of said instrument. Both were found in an eastern city. Ingram further testified that he procured a return of this deed from Dunn's widow and the execution by her of a deed quitclaiming to plaintiff any and all interest in and to the 28th Street property.

There are, of course, many conflicts in the evidence. Upon this appeal they must be deemed to have been resolved in favor of the cross-complainant and against the cross-defendants and appellants. Such conflicts are recognized in the opening brief wherein it is stated that: "There is a dispute between the parties as to what property was covered by the contract. Ingram claimed and testified that under the contract he was to receive 50 percent of all the plaintiff's property, including the 28th Street property, while the plaintiff and Valle (nephew) testified that the only property covered by the contract was the Jackson Street property

and the Central Avenue property; that the 28th Street property never was out of plaintiff's name but always stood there." This conceded conflict, like all other conflicts, must be deemed to have been resolved against the appellants by the court below. In our opinion there is nothing in the written contract between plaintiff and Ingram requiring a holding that the 28th Street property was to be excluded from its terms. The entire purpose of that contract was to procure a return to plaintiff of her properties formerly entrusted to the care and management of Dunn. Ingram testified that the 28th Street property was intended to be included in the contract along with other properties. He further testified, as already indicated, that his efforts had served to disclose and to procure the return of an outstanding deed purporting to convey this property from plaintiff to Dunn and also had served to procure from Dunn's widow a deed quitclaiming any interest therein to plaintiff. Ingram's testimony was substantiated in many particulars by the testimony of his secretary and that of Lieutenant Swan of the Los Angeles police bunco detail who had assisted or worked with Ingram in much of the investigation directed to the uncovering of Dunn's improper handling and disposition of plaintiff's properties. This and other evidence adequately supports the judgment.

It goes without saying that Ingram was free to voluntarily reduce his fee, as he testified he did, from the agreed one-half interest to a one-third interest and to have the deed conveying the same run to his wife and cross-complainant, Minnie H. Ingram, rather than to himself. ■ Citation of authority is unnecessary in support of the established principle that the consideration for a conveyance to one may be furnished by another.

■ We turn now to the contention which questions whether the cross-defendant and appellant, Lovina G. Valle, possessed at the time sufficient title to the 28th Street property to permit her to convey a one-third interest therein to the cross-complainant and respondent, Minnie H. Ingram. This necessitates a consideration of the several transfers which culminated in the vesting of said one-third interest. It appears that plaintiff Louisa S. Valle came to Ingram's office on September 14, 1936, in company with her nephew Albert M. Valle, and informed Ingram that she desired to

convey her properties to said nephew and his wife to preclude other relatives upon her death from succeeding to any part thereof: The deeds therefor to be held by Ingram and not recorded until after plaintiff's death. Ingram had plaintiff sign a written letter of instructions to that effect which is here in evidence. At this same time she executed and delivered to Ingram a deed conveying the 28th Street property to her nephew and niece which deed, pursuant to later written instructions, Ingram was to hold for recordation until the grantees requested that it be recorded. Consideration for this deed was the promise of the grantees to care for and to furnish a home to the grantor. Approximately five weeks later, the grantor and grantees appeared at Ingram's office and with the acquiescence of and without objection from the grantees, the grantor requested the return of said deed for the purpose of cancellation and to permit her by new deed to vest the fee title immediately in the grantee Lovina G. Valle alone. This was done, the consideration for the new deed again being the promise of the niece-grantee and her husband to care for the grantor. This deed was promptly recorded, as testified by Ingram, in order, among other reasons, to prevent the widow of Dunn from in any way clouding the title by use of any outstanding deeds covering the property and running to her deceased husband, the grantor's former agent. It was just prior to and while the 28th Street property thus stood in the name of Lovina G. Valle alone that Ingram discussed the matter of payment of his agreed fee with the Valles (plaintiff, niece and nephew) and it was then agreed, according to Ingram's testimony, that he would reduce his fee to a one-third interest in the property which Lovina G. Valle, pursuant to agreement, thereupon conveyed to Ingram's wife, the cross-complainant and respondent herein. This deed was recorded on October 28, 1936. Subsequently, and on February 24, 1937, Lovina G. Valle purported to reconvey by grant deed to her aunt, plaintiff herein, the whole of the 28th Street property. Thereafter plaintiff commenced this action to quiet her title to said parcel and, as already indicated, judgment went against her on the complaint and in favor of the defendant and cross-complainant, Minnie H. Ingram, quieting her title to a one-third interest as against the several cross-defendants.

We cannot accept the contention that these several transmutations of title to the 28th Street property were such as to prevent the niece and cross-defendant Lovina G. Valle from conveying to the cross-complainant Minnie H. Ingram a one-third undivided interest in said property. Even if we were to assume, without deciding, that the plaintiff, 'as grantor, and the niece and nephew, as grantees, could not have mutually agreed to withdraw and cancel the deed from the former to the latter, and held by Ingram to be recorded upon the grantor's death, there are other considerations which furnish a complete answer to this contention. In other words, even if the plaintiff as grantor could not recall the deed deposited with Ingram and purporting to convey the 28th Street property to her niece and nephew, there can be no question as to her right later to convey to her niece alone, which she did, whatever present interest she still retained in the property, and obviously the aggregate interest or title thus acquired by the niece in the property by said two deeds was more than adequate to permit her, while so seized, to convey an undivided one-third interest to the cross-complainant Minnie H. Ingram.

■ But in addition, if as contended, the original deed deposited with Ingram and purporting to convey the 28th Street property to the niece and nephew could not be recalled or terminated because of its asserted irrevocable delivery into the possession of Ingram for future recordation, thus precluding the plaintiff-grantor from thereafter conveying, as attempted, a fee title to her niece, it must necessarily follow that the latter was without the necessary title to permit her later to reconvey such fee title back to the plaintiff and original grantor. This being so, the decree of the court below refusing to quiet title in the plaintiff was proper. ■ It is well settled that in an action of this character the plaintiff must stand upon the strength of his own title and not upon the weakness of the adversary's.

What we have said sufficiently disposes of this cause. Examination of the lengthy transcript satisfies us as to the propriety of the judgment. We fail to find in the evidence any overreaching of the client by the attorney. The cross-complainant being the owner and holder of an undivided one-third interest in the 28th Street property at the time she executed a mortgage thereon in favor of the defendant United

States Credit Bureau, said instrument is not subject to the attack here made by appellants.

The judgment is affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Traynor, J., and Pullen, J., *pro tem.*, concurred.

Appellants' petition for a rehearing was denied November 13, 1941.