[Civ. No. 17040. First Dist., Div. Two. Apr. 2, 1957.]

EIRWIN F. SELBY, Respondent, v. SAMUEL E. BATTLEY, JR., et al., Appellants.

Phillips, Avakian & Johnston and J. Richard Johnston for Appellants.

Harold D. Mefford for Respondent.

THE COURT.—This is an appeal by defendants and cross-complainants, hereinafter called defendants, from a judgment decreeing specific performance of defendants' agreement to convey to plaintiff a certain lot in East Oakland Highlands in Alameda County, and denying them relief on their cross-complaint to quiet title insofar as it relates to said lot.

Plaintiff, a real estate broker and contractor, was engaged in reviving an old subdivision for which a map had been filed in 1926, but the improvement of which had been abandoned. Defendants owned two lots, numbered 11 and 12 in said tract. Plaintiff agreed to improve the projected street on which the lots were situated in front of Lot 11, with sidewalks, curbs, gutters, blacktop street and water, gas and sewage mains and to excavate said lot suitable for building a house, and thereafter to place corner survey stakes all within 90 days from the date of the contract, April 28, 1954, in consideration of the transfer to him of Lot 12. Plaintiff used for the contract a printed form for a deposit receipt in which was filled out that he purchased Lot 12 for $1,000, to be paid by performing the above work, and which contained printed provisions among which were that the essence of the agreement is time and that plaintiff, who signed both as broker and as purchaser, might extend time for performance for 30 days. On July 29, 1954, defendants gave notice in writing that if on August 28, 1954, the work was not completed, the agreement would be forfeited. On August 27, 1954, plaintiff sued for specific performance of the agreement alleging among other things that he had duly performed all the conditions of said agreement on his part to be performed precedent to conveyance of said property. The answer in substance denied that the work agreed upon had been substantially performed at the time of the complaint and relied on the contract clause that time was of the essence, on inadequacy of consideration and on oral promises of plaintiff to do extra work which was not done. A cross-complaint for quieting of title to both lots (11 and 12) was

added. The answer to the cross-complaint denied defendants' right and admitted a claim of interest by plaintiff.

At the trial defendants expressly abandoned any defense based upon inadequate consideration. The evidence showed that on August 28, 1954, the work had not been substantially completed, but that with the exception of the replacing of some survey stakes which had gotten lost and which plaintiff promised to replace and of the allegedly promised extra work, the work was fully completed on November 1st or 2nd, 1954. Much evidence was received as to the causes of the delay.  It was shown that the compliance with governmental requirements concerning the construction of the street and the slow cooperation of public utility corporations and subcontractors in the installation of the mains caused unexpected difficulties and delays. The court also inquired into the effect of the delay and it was expressly conceded by defendants that they did not claim there had been any financial damage due to the delay. Plaintiff testified that to make the lot level he even brought in dirt from elsewhere, without the contract requiring him to do so. At the end of the trial the court declared that it might well be that the letter of the contract would require a forfeiture, but that it would be an extreme shock to the court's conscience to decree that. The judgment quieted title of defendants to Lot 11 only and decreed the specific performance of defendants' agreement to convey Lot 12.

Appellants object to a finding "that only an inconsequential amount of said performance to be made by plaintiff was not completed at the time specified in said contract; that the delay resulted in spite of reasonable efforts on the part of plaintiff to complete said performance; that such delay was occasioned by difficulties in complying with governmental requirements and construction not contemplated by the parties at the date of the contract; that such delay in performance on the part of plaintiff was immaterial and excusable." They urge mainly that there were here no circumstances excusing timely performance under section 1511 of the Civil Code and that as time was made of the essence the delay could not be considered immaterial. Hence, plaintiff was not entitled to specific performance of the contract. Relief from forfeiture could not be granted because plaintiff had not pleaded default and facts justifying relief. Respondent takes the position that under the circumstances shown by the evidence he is entitled to relief from forfeiture

under section 3275 of the Civil Code and to specific performance under section 3392 of said code because his failure to perform was only partial and temporary and the default did not cause any damage which required compensation and further that appellants could not succeed in their equitable action to quiet title, because they were not willing to do equity but tried to obtain the advantage of the improvements made by respondent without giving any consideration for it. (As to the latter point the same position was expressly taken by the trial court in its memorandum decision.)

The meaning of the attacked finding that only an "inconsequential" amount of the performance to be made by plaintiff was not completed at the time specified in the contract is not very clear. If it is intended to mean that at said time plaintiff had substantially fulfilled his obligations then the finding would not be supported by the evidence, which shows without conflict that at said time the pavement, sidewalks, gutter and gas main had not been installed. It took two more months to do so. Respondent concedes the delay but contends that the correctness of the quoted finding is immaterial, because at any rate the decision is correct under his theories stated before. In this respect two questions are presented: (1) Can, notwithstanding that there was no timely substantial performance and that time was expressly made of the essence, the specific performance decreed be upheld independent from the issue of threatening forfeiture and relief from it? (2) Can the specific performance be upheld on the basis of such relief?

1. The difficulties which plaintiff encountered, were not of a kind which excuses performance or timely performance on the ground of impossibility, permanent or temporary. ▄ "If the thing to be done is not naturally or necessarily impossible under all circumstances, a positive contract to do it is binding, though the performance is rendered impracticable, or even impossible, by some unforeseen cause over which the promisor has no control but against which he might have provided in his contract." (*Caron* v. *Andrew,* 133 Cal.App.2d 402, 407-408 [284 P.2d 544], hearing in Supreme Court denied; 12 Cal.Jur.2d "Contracts," p. 461, § 238; Williston on Contracts, revised edition, vol. 6, § 1964.) ▄ Neither are they an excuse under any provision of section 1511 of the Civil Code. ▄ When time is expressly made of the essence, a delay which is not considered excusable in an action for damages at law, will also prevent

an action for specific performance in equity, except that equity gives relief if the result would otherwise be a severe forfeiture. (Corbin on Contracts, vol. 3, p. 800, vol. 5, p. 781, et seq; Williston, *supra*, vol. 3, pp. 2371-2372.) No California case to the contrary has been cited ■ We must hold that independent from relief from forfeiture respondent was not entitled to specific performance.

■ 2. There can be no doubt that under the facts shown, relief from forfeiture would be justified. The fact that defendants would receive all the advantages of plaintiff's performance, without suffering any damage by reason of delay—the finding to that effect is not attacked on appeal— whereas plaintiff would lose all consideration for the work done and costs paid by him is a strong example of an unconscionable forfeiture. The trial court clearly so stated. Evidently, plaintiff's default was not grossly negligent, wilful or fraudulent so as to exclude relief under section 3275 of the Civil Code, but was the result of underrating of the difficulty of what was to be accomplished, resulting in a delayed but complete performance. The findings to that effect are supported by the evidence and binding on this court. ■ Appellants' contention that supplemental promises of plaintiff had not been fulfilled was correctly disregarded, because an additional agreement by which new and onerous terms are imposed upon one of the parties without any compensating advantage requires a consideration to support it. (*Main St. etc. Co.* v. *Los Angeles Traction Co.*, 129 Cal. 301, 305 [61 P. 937]; *Berkowitz* v. *Tyderko, Ltd.*, 13 Cal.App.2d 561, 564 [57 P.2d 173]). No such consideration was shown or asserted by defendants. (It ill befits them to try at the same time to deprive plaintiff of all compensation and to hold him to gratuitous additional promises.)

■ The fact that time was of the essence of the agreement does not prevent relief under section 3275, *supra*, if its conditions have been satisfied. (*Barkis* v. *Scott*, 34 Cal.2d 116, 118 [208 P.2d 367]; *Bolln* v. *Petrocchi*, 95 Cal.App.2d 589 [213 P.2d 513].)

■ Normally, in order to secure relief under section 3275 a party must plead and prove facts justifying its application (*Barkis* v. *Scott, supra*, at p. 120); *Hayward Lbr. & Inv. Co.* v. *Construction Products Corp.*, 117 Cal.App.2d 221, 223 [255 P.2d 473]). However, this case is distinguished by the fact that defendants themselves also submitted the matter to the conscience of the court by instituting an equitable action

to quiet title, and that all matters relevant to the relief of forfeiture were tried without objection. ▇ In a quiet title action no specific pleading of defendant's claim is required, but under general denial he may prove whatever right he may have (*Smart* v. *Peek*, 213 Cal. 452, 454 [2 P.2d 380]). In *Gonzalez* v. *Hirose*, 33 Cal.2d 213, 217 [200 P.2d 793], a judgment quieting title in plaintiff was reversed after the granting of relief against forfeiture to defendants by the Supreme Court, although no such relief had been prayed for and no facts justifying it had been alleged in the answer. In *McGlasson* v. *Blythe*, 143 Cal.App.2d 152 [299 P.2d 325], there had been reciprocal quiet title actions in relation to the same property and the trial court had quieted title in the cross-complainant. This court affirmed, although the cross-complaint was insufficiently formulated, because the questions involved had been actually tried and should at any rate be decided under the original complaint and the cross-defendant had not been prejudiced (pp. 177-178). In our case all matters regarding the attitude of plaintiff and the absence of damage to defendants have been tried without objection and findings made thereon. No prejudice appears. Following the Gonzalez case, *supra,* we would at any rate have to affirm the judgment on the cross-complaint, denying quieting of title to lot 11 in defendants on the basis of relief from forfeiture. It would then be wholly against the letter and purpose of article VI, section 4½ of the California Constitution to reverse the judgment on the complaint for specific performance, because of the lack of allegations regarding relief from forfeiture, after which appellant could in the trial court amend his complaint on the basis of our suggestion. (*Hurley* v. *Lake County*, 133 Cal.App. 219, 221 [23 P.2d 838]), and would be entitled to relief in accordance with the decision on the cross action. The judgment will therefore be affirmed also as to the original action.

Appellants' objection to the finding as to the reasonable value of Lot 12 at the date of the contract is immaterial because they expressly waived any defense based on inadequacy of consideration.

However, it seems desirable to amend pursuant to section 956a, of the Code of Civil Procedure the findings of fact so as to clarify them and to bring them in better accord with our above analysis of the facts and law. For that purpose the following amendments will be made.

From finding 3 the sentence "that the reasonable value

of said Lot 12 at the date of said contract did not exceed $1,000.00'' will be deleted.

Finding 4 will be deleted in its entirety and replaced by the following:

''4. That at the time specified in said contract a substantial part of the performance to be made by plaintiff was not completed in spite of reasonable efforts on the part of plaintiff to timely complete said performance; that thereafter plaintiff diligently pursued his efforts with the result that on or about November 1, 1954, plaintiff's performance under the terms of said contract was fully and fairly completed with the exception only of the replacing of some survey stakes, which was performed since then; that said delay in performance was occasioned by unexpected difficulties encountered in complying with governmental requirements and in perfecting the construction agreed upon; that said delay was not caused by any grossly negligent, wilful, or fraudulent breach of duty by plaintiff; that denial of recovery to plaintiff on the ground of said delay would result in an unconscionable forfeiture.''

The findings are amended as stated above; the judgment is affirmed.

Appellants' petition for a hearing by the Supreme Court was denied May 29, 1957.