[Civ. No. 9589.   Third Dist.   July 16, 1959.]

BERTRAM M. HORN et al., Respondents, v. ORVILLE GOVAN et al., Appellants.

78

Falk, Johnson & Cleland for Appellants.

Lloyd J. Cosgrove, and Herbert Chamberlin for Respondents.

SCHOTTKY, J.—Plaintiffs Bertram M. Horn and Lawrence J. Horn filed an action against defendants Orville Govan and Ellen Govan to quiet title to certain real property in Lake County and for damages for the holding of said real property by defendants. Defendants filed an answer admitting that defendant Orville Govan was in possession of said real property and alleging that he had an interest therein and denying that defendant Ellen Govan claimed any interest in said real property. Defendants also alleged that plaintiffs' action was barred by section 318 of the Code of Civil Procedure.

The case was tried by the court sitting without a jury, and the court found that plaintiffs were the owners of said real property and entitled to the possession thereof; that defendants had no interest therein; and that plaintiffs' cause of action was not barred by section 318 of the Code of Civil Procedure. Judgment was entered in accordance with said findings and defendants have appealed from said judgment.

Appellants made a number of contentions, but before discussing them we shall summarize briefly the evidence as shown by the record. Appellant Orville Govan and his brother Roy, who is respondents' predecessor in interest, gained title to the subject property by decree of distribution from the estate of their brother James Govan in 1944. In 1946 Orville signed a deed conveying his interest in the property to Roy and his wife. There is substantial evidence to support the finding of the court that this deed was acknowledged by Orville before a notary. The deed was recorded by Roy about a week later. In 1947 Orville moved onto the subject property, and except for a period of about a year and a half when the property was rented, Orville has continued to live on the property during the summers, although he would move into town during the winters as the dwelling was not "winterized." It was not

contended at the trial, nor is it contended on appeal, that Orville has gained any rights by reason of an adverse possession.

By deed dated July 20, 1956, Roy and Ruth Govan conveyed the property to Mr. and Mrs. Tidball. This deed was acknowledged on July 23, 1956, and recorded August 10, 1956. The Tidballs thereupon granted the property to the Lake County Title Company by a deed also dated July 20th. This deed was acknowledged on July 27th and recorded August 10th. On July 30, 1956, the title company entered into an escrow agreement with the respondents Bertram and Lawrence Horn. On October 18, 1956, the respondents filed this quiet title action. On October 22, 1956, the title company conveyed the property to respondents.

■ It is appellants' first contention that the 1946 deed from Orville to Roy was void for lack of delivery. Appellants argue that Orville did not intend the deed to be effective except in the event of his death to avoid unnecessary probate expenses; that he did not intend that the deed be recorded until after his death; and that this testimony of Orville was uncontradicted. However, such testimony is contradicted by the presumption that a deed which has been acknowledged by the grantor and recorded by the grantee was duly delivered. (15 Cal.Jur.2d, Deeds, §§ 111, 112.) Such presumption alone is sufficient to support the finding that the deed was valid. (*Willis* v. *Holback*, 33 Cal.App.2d 145, 147 [91 P.2d 140].) In addition to the presumption of the validity of the deed, there was the testimony of Roy that he was requested by Orville to have the deed drawn up so Orville could have the property transferred out of his name for the benefit of the mother of the brothers. Such transfer was to expedite any future sale of the property.

■ Appellants' second contention is that if Roy took legal title then Roy became trustee for the benefit of Orville. Appellants' theory is that evidence of a confidential relationship between Roy and Orville, lack of consideration, activity by Roy in the preparation of the conveyance, and lack of independent advice to Orville give rise to a presumption of fraud and that this court should therefore declare that Roy held the property for the benefit of Orville as the result of a constructive trust.

There is no merit in this contention. Even if, as contended by appellants, a presumption of fraud did arise, the question of whether such presumption was overcome was one for the trial court to determine. The record fully supports the follow-

ing statement of the trial court in its memorandum opinion: "In the first place Roy Govan claims no benefit from the deed by his brother Orville to him. His position is, and it is supported by uncontradicted evidence, that any and all title which he or his brother Orville ever held in the property was in trust for their mother. With this contention the Court has no alternative but to agree in the light of the evidence." There was also the testimony of Roy that Orville requested him to have the deed drawn up so that the property could be transferred out of his name for the benefit of the mother of the brothers. There was ample evidence to rebut any presumption of fraud.

Furthermore, this contention of appellants could not be sustained because appellants did not plead fraud or ask the declaration of a constructive trust in their answer. As was said in *Strong* v. *Strong*, 22 Cal.2d 540, at pages 545-546 [140 P.2d 386]:

"Defendant contends that the judgment quieting title in her should be affirmed on the ground that she was induced by her husband's false representations to sign the deed. Defendant did not plead fraud, however, although the general rule that fraud must be specifically pleaded [citation] applies particularly to quiet title actions. [Citations.] Defendant, moreover, is not the legal owner, for title passed on execution of the deed. [Citation.] Any rights that she might have to the cancellation of the deed or to the declaration of a constructive trust are entirely equitable [citations], and it is settled that such rights cannot be established in an action to quiet title when the pleadings contain merely general allegations asserting defendant's ownership and denying that of the plaintiff. [Citations.]"

Appellants next contend that respondents' action is barred by the provisions of section 318 of the Code of Civil Procedure, which reads: ". . . No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question, within five years before the commencement of the action."

It is appellants' contention that neither respondents nor their predecessors were shown to have been in possession for a period of five years prior to the filing of the instant action. This argument ignores that part of section 318, *supra*, which

provides that an action is not barred if respondents or their predecessor meet the requirements of seisin within the five year period. As was stated in *McKelvey* v. *Rodriquez*, 57 Cal.App. 2d 214, at page 223 [134 P.2d 870]:

". . . Appellants state that according to the complaint respondents had not been seised of the property since 1923. However, respondents as the owners of the legal title to the property met the requirement of seisin or possession as section 318, *supra*, is construed. 'The requirement of seisin or possession is met when it is established that the plaintiff was possessed of legal title, and this seisin can be destroyed only by establishing the fact that a title by adverse possession was acquired by the defendant.' . . ."

By virtue of the 1946 deed, Roy had legal title to the property. As respondents' predecessor, and in the absence of a showing of disseisin effected by an adverse possession by Orville, Roy therefore had the required seisin of the property within the statutory period.

Appellants next contend that respondents have not shown sufficient title to maintain a quiet title action, in that on the date suit was filed legal title was in the Lake County Title Company. ■ It is true that a plaintiff in a quiet title action must stand upon the strength of his own title and not upon the weakness of the adversary's. (*Valle* v. *Ingram*, 18 Cal.2d 761, 767 [117 P.2d 869].) ■ It is likewise true that one claiming an equitable interest cannot prevail as against a defendant who has legal title. (*Crane* v. *French*, 39 Cal.App. 2d 642, 653 [104 P.2d 53].) ■ However, as was stated in *Turner* v. *Deacon*, 106 Cal.App. 329, at page 334 [289 P. 179]: ". . . [I]t seems to be the settled law in California that where both parties assert mere equities in real property, an action under section 738 of the Code of Civil Procedure to determine adverse claims or as it is usually termed to 'quiet title,' may be maintained to ascertain which party has the superior equity. . . ."

Other authorities supporting the view that respondents had a sufficient equitable interest in the property under the escrow agreement to maintain a quiet title action against appellants are: *O'Keefe* v. *Aptos Land & Water Co.*, 134 Cal.App.2d 772, 781 [286 P.2d 417, 54 A.L.R.2d 462] (plaintiff claiming under an equitable title is not barred by reason of the fact that one of the defendants, a title company, held the legal title in escrow, where the title company claimed no more than bare legal title and the controversy was between the

plaintiff and other defendants to determine for whose benefit the title company held the title) ; *Crane* v. *French, supra* (perfect record title not always essential to plaintiff in quiet title action) ; *Bishop* v. *Morrow,* 12 Cal.App.2d 720, 726 [55 P.2d 1216] (the fact that legal title was in a trustee under a deed of trust did not prevent quiet title action by the trustor as against the assignee of the note and deed of trust).

Appellants next contend that plaintiffs' Exhibits 6 and 7 were erroneously admitted in evidence over objection. Plaintiffs' Exhibit 6 is the escrow agreement between the title company and respondents and was clearly admissible to show respondents' equitable claim to the property. Plaintiffs' Exhibit 7 is the grant deed by the title company conveying title to respondents, which was executed after suit was filed. There was testimony that the title company conveyed the property to respondents pursuant to the escrow agreement, and even though it may not have been proper to admit it in evidence because it was executed after suit was filed, no possible prejudice could have resulted from its admission.

No other points require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 11, 1959.

---

*Assigned by Chairman of Judicial Council.