[No. 11096. Department One. — August 27, 1886.]

JAMES McCORMICK, Administrator etc. of Antone Phillips, Deceased, Respondent, v. ALEXANDER ROSSI, Appellant.

Contract for Sale of Land — Forfeiture — Failure to Pay Purchase Price. — The failure of the vendee under a contract for the sale of land to pay the purchase price within the time stipulated, or to perform other conditions of the contract, is no ground for a decree in equity declaring a forfeiture of his rights. A court of equity will never enforce a penalty or forfeiture.

Appeal from a judgment of the Superior Court of Placer County.

The facts are stated in the opinion.

*Hale & Craig*, and *D. W. Spear*, for Appellant.

*J. E. Prewett*, for Respondent.

BELCHER, C. C.—This is an action upon a contract made by the plaintiff's intestate for the sale of a mining claim to the defendant for the sum of six thousand five hundred dollars.

It is alleged in the complaint that the defendant had paid only thirteen hundred dollars of the agreed purchase price; that he had failed to work the mine as required by the contract; that the full amount of the purchase-money had become due; and that in consequence of his failure to pay the same he had by the terms of the contract forfeited all his rights thereunder.

The prayer is, that it be "decreed that defendant has committed a breach of said contract, and has forfeited all his rights thereunder and to the possession of said property."

The defendant in his answer alleged that he had paid $1,504.50 of the purchase-money; and he denied that by not paying the balance thereof or otherwise he had failed to comply with the terms of the contract, or had forfeited all or any of his rights under it.

Judgment was entered declaring forfeited all the defendant's rights under the contract, and ordering the possession of the property to be restored to the plaintiff; and the defendant appealed.

In *Keller* v. *Lewis*, 53 Cal. 118, the court said: "It is a universal rule in equity never to enforce either a penalty or forfeiture. (2 Story's Eq. Jur. sec. 1319, and cases cited.) On the contrary, equity frequently interposes to prevent the enforcement of a forfeiture at law." Judgment declaring a forfeiture had been entered in that case and was reversed. This case is in all essential particulars like that, and the judgment here should also be reversed, and the cause remanded, with leave to the plaintiff to amend his complaint if so advised.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed and cause remanded, with leave to the plaintiff to amend his complaint if so advised.