[L. A. No. 3492.   Department Two.—June 4, 1915.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. WM. G. KRUTZ, Jr., Respondent; NEBRASKA & CALIFORNIA REAL ESTATE COMPANY (a Corporation), Appellant.

CONTRACT OF SALE—FORFEITURE FOR NON-PAYMENT OF INSTALLMENT.— WAIVER—ESTOPPEL.—Evidence showing that the vendor led the vendee to believe that the vendor did not propose to insist upon the forfeiture of a contract of sale of land, but would await the payment of the balance of the purchase price under condemnation proceedings then pending, if available within a reasonable time, constitutes a waiver of the right of forfeiture, at least until a reasonable time within which to make the payment after notice that the forfeiture would be claimed, and the vendor is estopped thereby to declare an immediate forfeiture.

APPEAL from a judgment of the Superior Court of Los Angeles County.   George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Olin Wellborn, Jr., and Alfred H. McAdoo, for Appellant.

John W. Shenk, City Attorney, Howard Robertson, Chief Deputy City Attorney, and Hass & Dunnigan, for Respondents.

HENSHAW, J.—The city of Los Angeles condemned a certain piece of land, part of a larger tract. Dispute having arisen between defendants Wm. G. Krutz, Jr., and the Nebraska & California Real Estate Company, a corporation, over the right to moneys arising under the condemnation proceedings, the city of Los Angeles interpleaded these defendants to have those rights determined. Defendant and respondent Krutz filed his answer and cross-complaint against the codefendant, Nebraska & California Real Estate Company, and by stipulation the action was tried upon this cross-complaint and the corporation's answer thereto, the city of Los Angeles being thus eliminated from the controversy. The respondent Krutz pleaded compliance upon his part with the terms of an executory contract for sale by the defendant corporation to him of the tract of land, a part of which, as has been said, was condemned by the city. He sought a decree of specific performance and an award to the defendant corporation of so much of the condemnation fund as was necessary to pay the corporation the balance of the purchase price of the land. The corporation defended, asserting that Krutz, by failure and neglect to make the payments provided, had lost all his rights under the contract. It sought a decree accordingly and a payment of the condemnation fund to it. The court's judgment was in favor of Krutz contention and the corporation appeals.

The contract between the parties provided as follows: "In case said party of the second part (respondent) shall refuse, neglect, or fail to pay such purchase money and interest as above stated and agreed, he shall forfeit any and all rights in and to said real estate acquired under and by virtue of this agreement, and shall forfeit any money paid for the purchase of the same, unless said party of the first part shall elect otherwise." Defendant showed that before the time when the remainder of the purchase price was due under the original contract, negotiations were had, culminating in a supplemental agreement whereby it extended the original agreement for the period of ninety days in consideration of

the payment of three thousand dollars, to be applied upon the purchase price; that the contract as thus extended, fixed the last day of payment on June 17, 1909; that the payment was not made on that date, and on September 20, 1909, it exercised its option and declared a forfeiture. Appellant contends that under the equitable principle as expounded in *Grey* v. *Tubbs,* 43 Cal. 359, and the numerous other cases which have approved the doctrines there laid down, it was within its equitable rights in declaring the forfeiture, and that Krutz, for his inexcusable default, is remediless.

Respondent pleaded and showed that he first secured an option to purchase the land in question in February, 1907, paying therefor a valuable consideration; that the existence of the condemnation proceedings was known to and recognized by the parties, and Krutz covenanted to attend to the litigation and to hold the corporation harmless from any liability arising therefrom; that this option of purchase provided for successive payments on account of the purchase price, which respondent duly made, keeping his rights under the contract alive; that the condemnation proceedings resulted in a large judgment in favor of the owners of the land, and defendant corporation led and induced respondent to believe that it would wait until the fund arising under this condemnation judgment was available, and receive the final payment upon account of the contract out of that fund. Other facts, not necessary here to set forth in detail, are pleaded to show a waiver upon the part of the corporation of the provisions making time the essence of the contract, and further facts by which an estoppel *in pais* against the right of the corporation to claim a forfeiture is asserted. The court found in accordance with these allegations of the cross-complaint; found the ability of Krutz to pay the amount due within the time stipulated by the contract, but found that he failed to do so because led to believe by the declarations and representations of the corporation that it would await till the condemnation fund was available for this payment.

The attack here is upon the sufficiency of the evidence to support the findings. That evidence is principally documentary. It would serve no useful purpose to set it forth at length, but the whole tone, tenor, and effect are to create the belief which Krutz entertained, that the corporation did not propose to insist upon the forfeiture, but would await the

payment of the balance of the purchase price from the con-
demnation money, if that money was available within any
reasonable time.   There was, therefore, a waiver upon the
part of the appellant corporation of the right of forfeiture
which in equity would prevent it from asserting such for-
feiture, at least until after notice to Krutz that it proposed
to do so at a time sufficiently distant to give him a reasonable
opportunity to make the payment.   The corporation did not
act in this way, but declared its forfeiture outright.   It was
estopped from doing so.   (*Dolbeer* v. *Livingston,* 100 Cal.
617, [35 Pac. 328] ; *Carpy* v. *Dowdell,* 115 Cal. 687, [47
Pac. 695] ; *Nicholson* v. *Randall,* 130 Cal. 539, [62 Pac. 930].)

The judgment and order appealed from are therefore
affirmed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.