[Civ. No. 6325. First Appellate District, Division Two.—June 21, 1928.]

MARIE E. BLEDSOE, Respondent, v. PACIFIC READY CUT HOMES, INC. (a Corporation), Appellant.

PACIFIC READY CUT HOMES, INC. (a Corporation), Appellant, v. MARIE E. BLEDSOE, Respondent.

642

Andrew J. Copp, Jr., for Appellant.

A. J. Bledsoe for Respondent.

STURTEVANT, J.—Marie E. Bledsoe commenced an action against the defendant to obtain a decree setting aside a sale made by a trustee under a deed of trust. The defendant appeared and answered. A trial was had before the trial court sitting without a jury. The trial court made findings of fact in favor of the plaintiff. The defendant has appealed.

The defendant commenced an action in ejectment against the plaintiff and her husband. The plaintiff and her hus-

band appeared and answered and filed a cross-complaint. The latter pleading appears to plead the same facts in the same manner which are set forth by the plaintiff in the action first designated. The defendant answered the cross-complaint and by stipulation of the parties the latter action was tried with the action first designated. The trial court made findings in favor of Marie E. Bledsoe and her husband, and from a judgment entered thereon the Pacific Ready Cut Homes, Inc., has appealed.

Both appeals are contained in one set of transcripts and one set of briefs. In deciding the appeals it will not be necessary to confuse the subject matter by numerous repetitions of capacity. We will refer to Marie E. Bledsoe as the plaintiff and to Pacific Ready Cut Homes, Inc., as defendant.

The plaintiff purchased from the defendant on an executory contract a house and lot in Beverly Hills for $9,000. She paid down $400. She executed a mortgage on the house and lot in the sum of $3,600. She executed a trust deed to secure the payment of a promissory note in the sum of $4,600. The installment note for which the deed of trust was executed as security required the payment by the plaintiff of $69 on the first of each and every month. It also required the payment of $500 on November 1, 1924, and every six months thereafter. The $69 payments were made June 2, 1924–March 11, 1925, and the record presents no question regarding them. The $500 payable November 1, 1924, was never paid and the failure to pay it constitutes the sole question presented in the litigation. In the trial court and in this court it was the contention of the plaintiff that the payment of $500 was waived. That contention the defendant at all times controverted. The trial court made a finding to the effect that the payment had been waived. If that finding is supported by the evidence the judgment in each case should be affirmed. If it is not supported by the evidence the judgment in each case should be reversed.

The plaintiff's husband sent his secretary, Mrs. Berg, to make payments for the plaintiff. In doing so Mrs. Berg went to the office of the defendant. She was directed to go to the desk of Mr. Norridge. He was the auditor. Whenever she called Mr. Norridge accepted the payment and executed a receipt therefor, and delivered it to Mrs. Berg. On

October 6, 1924, a payment in the sum of $69 was due. Taking a check for that amount Mrs. Berg made a call on Mr. Norridge as usual. Before making the payment to him she testified that she stated to him that there would be a $500 payment due November 1, 1924, and that Mrs. Bledsoe would not be able to make it, and Mr. Norridge said that defendant would be satisfied if she kept up the monthly payments and made the interest payments on the mortgage. Thereafter the plaintiff paid $69 on each of the following dates: November 7, 1924; December 13, 1924; January 1, 1925; February 2, 1925; March 11, 1925. Each payment was accepted and Mrs. Berg states that no objection to the acceptance was made to her. The defendant replies that Mr. Norridge never made the statement testified to by Mrs. Berg; that it did receive and was entitled to receive under the terms of the contract each monthly payment of $69 which was made between October 6, 1924, and March 11, 1925; and the defendant asserts that on December 12, 1924, it wrote the plaintiff asking that the $500 be paid "at once," but the plaintiff did not answer the notice; that thereafter other written notices were sent to the plaintiff on January 6, 1925; January 8, 1925; January 17, 1925; January 24, 1925; January 28, 1925; February 3, 1925; and February 21, 1925. The plaintiff admits that she received all of said notices, but contends that the defendant had waived the payment and she cites and relies on *Boone* v. *Templeman,* 158 Cal. 290 [139 Am. St. Rep. 126, 110 Pac. 947]. The defendant concedes the rule there announced but contends that it has no application to the facts of this case. It claims that there was no waiver because Mr. Norridge had no authority to waive and, whether he had or did not have such authority, the life of the waiver was terminated by the written notices sent by the defendant to the plaintiff. The defendant further contends that there was no consideration supporting the waiver. The plaintiff replies that none was necessary. That reply is too broad. In so far as a temporary waiver in making payments it may be conceded that no consideration therefor was necessary. ■ But if the plaintiff claims that by the word of mouth uttered by Mr. Norridge there was a permanent waiver, the claim may not be sustained, for in that event there would be a novation. There would have been a

new and different contract created as between the parties. As the original contract was in writing, any new contract purporting to alter it must have been authorized, it must have been in writing, and there must have been a consideration supporting it. ■ Both in the trial court and in this court the plaintiff contended that, it was, under the facts, incumbent on the defendant to plead and prove that after November 1, 1924, it gave the plaintiff a notice in substance "that on October 6, 1924, it waived the payment of $500 due every six months and in particular on November 1, 1924; that such waiver is hereby terminated; and that plaintiff will have —— days within which to make said payment." Such is not the law. (*Hoppin* v. *Munsey,* 185 Cal. 678 [198 Pac. 398].) To avoid being charged with a waiver, the defendant was bound to give notice before proceeding to foreclose. As the defendant did not collect the $500 payable November 1, 1924, it was bound to make a formal demand therefor. It was bound to stay its hand a reasonable length of time so that plaintiff could comply with the terms of the contract. But it was not bound to admit as a fact things which it contended had never taken place. The first notice given to the plaintiff was given December 12, 1924. Acting under the terms of the deed of trust, it did not declare a default until March 14, 1925—over three months thereafter. The trustee's sale was not had until August 8, 1925. The plaintiff claimed that she was absent from Los Angeles County between July 8, 1925, and August 8, 1925. No other excuse was tendered. The record shows that the defendant never at any time sought to create a default because of any mere delays in making payments. But it did seek to recover payments expressly designated in the contract. Before starting to foreclose it gave numerous notices ´and made numerous demands. All notices and demands were ignored by the plaintiff and, furthermore, through her agent on January 7, 1925, she wrote a letter in which she flatly disclaimed any liability to pay $500 every six months, claiming that such payments had been wholly waived. In this legal conclusion she was mistaken. ■ There was no evidence of a permanent waiver. In so far as the language of the findings may be construed as holding that there had been a permanent waiver, the findings are wholly unsupported by the evidence.

In her pleadings the plaintiff alleges that between the eleventh day of March, 1925, and the fifteenth day of March, 1925, the defendant did not serve any notice or demand on her. The allegation is admitted. However, the fact appears to be wholly immaterial. Our attention has not been called to any provision contained in the trust deed or in any other paper which called upon the defendants to give any notice during that particular period.

The judgments are reversed.

Koford, P. J., and Nourse, J., concurred.