[L. A. No. 19942.   In Bank.   Dec. 23, 1948.]

THOMAS P. GONZALEZ et al., Respondents, v. MATHER MASAKO HIROSE et al., Appellants.

A. L. Wirin, Fred Okrand and Charles A. Thomasset for Appellants.

Arthur C. Miller and Lee A. Solomon for Respondents.

SHENK, J.—This is an appeal by the defendants from an adverse judgment in a quiet title action. The principal parties are Thomas P. Gonzales and Mather Masako Hirose who will be referred to respectively as plaintiff and defendant.

In July, 1936, the defendant entered into a contract of conditional purchase and sale with The Federal Land Bank of Berkeley covering 171 acres near the San Luis Rey Mission in San Diego County for the price of $21,000, upon which a down payment of $4,200 was made, the bank to retain title until all installments of principal and interest were paid. On August 1, 1938, the unpaid balance of principal and interest was $15,247.70, and a new contract with some changes regarding payments was executed covering that amount.

The defendant is an American citizen of Japanese ancestry. The purchase money for the land was furnished by two cousins, known as the Yoshimura brothers, who were Japanese ineligible to citizenship.

The land under contract was devoted to truck gardening. Improvements were added to the extent of $26,700, including installation of a dehydrator, a pump and irrigating system, orange groves, grading, leveling and building construction. The plaintiff had frequent business dealings with the Japanese as a buyer of their garden produce.

Pursuant to the Japanese Exclusion Orders the defendant and the other Japanese were required in 1942 to leave the place and proceed to relocation centers. In their absence the plaintiff undertook to manage the property and additional leased acreage and to pay the proceeds derived therefrom to the bank on the contract. In 1943, the plaintiff offered to buy the property from the Japanese owners for the sum of $25,000. Although they were greatly in need of funds the offer was rejected as inadequate. Defaults under the contract occurred including an installment due December 1, 1943, and interest and taxes due in June, 1944. However, the record

shows that insufficient and irregular payments were credited on the contract to and including October 4, 1944, when the balance of principal and interest unpaid amounted to approximately $12,000.

In November, 1944, the State of California commenced a proceeding to declare an escheat of the property naming as defendants The Federal Land Bank of Berkeley, the Japanese persons here involved, Thomas P. Gonzales, plaintiff herein, and others. With knowledge of that proceeding the plaintiff on December 16, 1944, paid to The Federal Land Bank of Berkeley the balance due and received a grant deed subject to the agreement and the escheat proceeding. On December 18, 1944, the plaintiff, already in possession pursuant to his management agreement, served by mail upon the defendant a notice of declaration of forfeiture and his right to possession.

The revocation of the Exclusion Orders became effective January 2, 1945, and at some time subsequent thereto the defendant returned from the relocation center. The present action was commenced on May 5, 1945, and was consolidated for trial with the escheat proceeding. Judgment followed to the effect that as of the date of the original contract of sale the land escheated to the state subject to the right of the plaintiff herein to receive the amount paid by him to the bank. In the quiet title action the judgment was that the defendants had no right, title or interest in the land. The defendants appealed from both judgments. Subsequently by virtue of the decision of the Supreme Court of the United States in the case of *Oyama* v. *State of California* (332 U.S. 633 [68 S.Ct. 269, 92 L.Ed. 249]), and pursuant to stipulation the judgment in the escheat proceeding was reversed. (*People* v. *Federal Land Bank of Berkeley,* 31 Cal.2d 871 [192 P.2d 948].) There remain for determination the questions raised by the appeal in the quiet title action.

The sole allegation in the answer of the defendants herein was that the plaintiffs came into court with unclean hands and were entitled to no relief. The trial court found the allegation to be untrue. The defendant now invokes section 3275 of the Civil Code which provides: ''Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party except in case of a grossly negligent, willful, or fraudulent

breach of duty.'' The defendant contends that the judgment should be modified to include that relief. The plaintiff counters by asserting that the defendant did not rely on that section until on the present appeal and that the amount due under the contract has not been tendered.

In the agreement it was provided that time was of the essence, that default in payment would give the bank the option to declare a forfeiture of the defendant's rights and all interest in the land, and that a waiver of one restriction or condition should not be construed as a waiver of any succeeding breach or other provision of the agreement. Unquestionably the defendant defaulted. However, subsequent to the defaults the record shows a course of conduct by the bank which, during the years 1943 and 1944, credited payments on account of interest and principal without regard to the time factors. Although the parties had covenanted that a waiver of one breach would not waive a subsequent breach or other condition, it is clear that the bank had waived the time provision. Nevertheless the plaintiff, immediately upon becoming assignee of the bank's rights, gave notice that the defendant's rights were forfeited. Since the law looks unfavorably upon forfeitures, waiver of the time clause will be deemed to be a waiver of the forfeiture unless the time element is first reestablished by definite notice. (*Boone* v. *Templeman*, 158 Cal. 290 [110 P. 947, 139 Am.St.Rep. 126]; *City of Los Angeles* v. *Krutz*, 170 Cal. 344 [149 P. 580]; *McCartney* v. *Campbell*, 216 Cal. 715, 720 [16 P.2d 729]; Rest., Contracts, § 311.) Admittedly no such notice was given.

The test as to when a party will be relieved from a forfeiture is stated by Pomeroy, Equity Jurisprudence (5th ed.), section 433, as follows: ''Wherever a penalty or a forfeiture is used merely to secure the payment of a debt, or the performance of some act, or the enjoyment of some right or benefit, equity, considering the payment, or performance, or enjoyment to be the real thing intended by the agreement, and the penalty or forfeiture to be only an accessory, will relieve against such penalty or forfeiture by awarding compensation instead. . . . The test which determines whether equity will or will not interfere in such cases is the fact whether compensation can or cannot be adequately made for a breach of the obligation which is thus secured.''

The case before us plainly indicates that the purpose of the time and forfeiture clauses was merely to secure payment of the purchase price, that payment thereof would

make the bank or its assignee whole; that since the time and the forfeiture clauses had been waived the defendant was entitled to a definite seasonable notice from the plaintiff of the reestablishment of those conditions with reasonable opportunity for compliance before the plaintiff could declare a forfeiture. Instead of affording the required notice the plaintiff, with knowledge of the circumstances gained by his business relationship with the defendants, sought to obtain an advantage and acquire the property for a figure far below its value and freed from the claims of the defendants. In the absence of the appropriate notice to comply with reestablished time conditions or of an offer by the plaintiff of a deed upon payment of the balance due, there was no breach of duty on the part of the defendant. ▬ Equitable principles apply in a quiet title action (*O'Brien* v. *O'Brien,* 197 Cal. 577 [241 P. 861]), and the courts may grant relief against a forfeiture in the absence of a breach of duty (Civ. Code, § 3275; *Ebbert* v. *Mercantile Trust Co.,* 213 Cal. 496, 499 [2 P.2d 776]; *McCormick* v. *Rossi,* 70 Cal. 474 [15 P. 35]; *Keller* v. *Lewis,* 53 Cal. 113).

▬ It is apparent, under the circumstances of this case, that the result would be unconscionable if the defendant be not afforded the relief requested. The unqualified judgment is therefore unsupported. The plaintiff is entitled only to a qualified judgment containing a provision that a deed be executed and 'delivered conveying title to the property to the defendant upon payment to the plaintiff of the amount due him, within such time as the trial court may deem to be reasonable.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.