[Civ. No. 8048.   Third Dist.   Mar. 20, 1952.]

H. C. CROFOOT et al., Appellants, v. DONALD WEGER et al., Respondents.

Spurr & Brunner for Appellants.

Mannon & Brazier for Respondents.

VAN DYKE, J.—Plaintiffs and appellants entered into a contract with defendants and respondents wherein they agreed to buy all of the merchantable timber situate on certain lands owned by the defendants in Mendocino County at a price of $30,000, payable $5,000 on execution of the agreement March 10, 1948, and $3.00 per thousand board feet as the vendees removed timber from the land. In addition to these payments, the vendees were required to pay $2,000 on July 15th and $3,000 on November 15th of the year the contract was made, and $2,000 each July, November and March thereafter until by the combination of all payments made the purchase price

would have been fully received by the vendors. Time was made of the essence of the agreement and it was provided if the vendees failed to pay the installments promptly when due or were guilty of any other breach of their obligations the vendors should be released from all obligation under the contract and the vendees should forfeit all rights thereunder and all payments theretofore made. It was provided that the vendors could retain such payments as their own property, and as rent for use of their premises and the removal of the timber to the date when the contract was, by reason of such breach, terminated. It was further agreed that any default of the vendees should be ''conclusively established by the filing of an affidavit by the vendors in the office of the County Recorder setting forth the facts constituting the default and accompanied by an affidavit of the mailing of a copy of the filed affidavit to the vendees.'' If this were done then at the expiration of 10 days from such recording and mailing all of the rights of the vendees were to be at an end and the vendors should be entitled to have delivered to them a quitclaim deed which by the contract was to be executed by the vendees and delivered in escrow. Pursuant to the agreement the vendees paid to the vendors a sum in excess of $15,000, but the $2,000 due to be paid in November of 1949 was not paid and the vendors filed the required affidavit for record and received from the escrowee the quitclaim deed which they likewise recorded. The action here was begun by the vendees on December 13th following. By the complaint plaintiffs and appellants alleged the execution of the agreement, the payment of the $15,000, the recording of the affidavit and the receipt by the vendors and the recording by them of the quitclaim deed. Further, that before the notice of default and delivery of the deed occurred the defendants and respondents had negligently caused a fire to damage the timber which was the subject of the agreement, by reason whereof appellants were compelled to cease logging operations and had become unable to make the November payment. They alleged that the amount that had been paid the respondents was in excess of the value of the timber which had been removed and the amount paid plus the damages suffered from defendants' negligence exceeded the value of the remaining timber. They offered to make such payment and comply with such order as the court might make in the premises as a condition to granting relief from forfeiture under the facts alleged. By the prayer they sought to be

relieved of the forfeiture of their interest and asked that the quitclaim deed be ordered canceled and that such further relief should be given as might be proper. By a second count they again pleaded the damage negligently caused by the respondent, alleging that there had been damage to felled timber and to standing timber aggregating $38,382.46. Under this count they prayed for damages in the amount alleged and for general relief. Respondents answered, raising generally the issues tendered by the pleadings.

The court found that the alleged sum had been paid and that the respondents had recorded the affidavit and received the quitclaim deed; that the respondents had not negligently caused the fire or the consequent damage; that appellants had not as a result of the fire been compelled to cease logging operations nor been made unable to make the November payment. The court found untrue the allegations that the amount paid was in excess of the value of timber removed and also found untrue the averments that the amount of damage caused by the fire, plus the amount paid on the contract, exceeded the value of the standing timber remaining. The court did not find whether or not the breach of the appellants in failing to make the November payment was wilful or grossly negligent and made no finding as to the allegations concerning the offer of the appellants to do equity as a condition for relief from the alleged forfeiture. The court concluded that appellants were entitled to nothing from the respondents.

■■ In view of the decisions of the Supreme Court in the cases of *Gonzales* v. *Hirose*, 33 Cal.2d 213 [200 P.2d 793], *Barkis* v. *Scott*, 34 Cal.2d 116 [208 P.2d 367], *Baffa* v. *Johnson*, 35 Cal.2d 36 [216 P.2d 13], and *Freedman* v. *Rector*, *W. & V. of St. Matthias Parish*, 37 Cal.2d 16 [230 P.2d 629], we think the trial court was obligated to consider and decide the issues concerning relief from forfeiture and recovery of unjust enrichment if any, all of which were sufficiently tendered by the pleadings and as to which evidence was introduced from which findings could have been made that the appellants were entitled to such relief. A great deal of evidence was taken concerning the issues as to respondents having negligently caused the burning of a substantial part of timber, both down and standing, which was the subject of sale and it is clear from the testimony that appellants were largely actuated in their failure to make the November payment by a belief that the damage so caused

justified their withholding further payments until the question of negligent injury could be settled. (*El Rio Oils Ltd.* v. *Chase*, 95 Cal.App.2d 402, 412 [212 P.2d 927].) In the cited case it was held that the fact a lessee had intentionally failed to pay royalty due under an oil lease did not necessarily mean that the default was wilful within the meaning of section 3275 of the Civil Code where the trial court had found that the lessee had been honest in its assertion that it did not owe the amount demanded, even though it had been mistaken therein. In this case the appellant Henry Crofoot testified that when asked for the November payment by the respondent Donald Weger, he had replied that he believed Weger had been responsible for the damage done to the timber and wanted to look into the cause of the damage and the extent thereof; that he believed Weger owed him more than he owed Weger. We think that from all of the testimony the trial court could have found that the breach, though intentional in the sense that appellants knowingly withheld the payment due, was yet not wilful so as to prevent relief under section 3275 of the Civil Code. That section provides that:

"Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, wilful, or fraudulent breach of duty."

It is to be noted that appellants promptly brought their action for relief when respondents terminated the contract and secured the delivery to them of the quitclaim deed, offering to comply with such equitable conditions as the court might impose upon them as a condition to relief. As said by the court in *Barkis* v. *Scott, supra*: "Section 3275 presupposes that the party seeking relief is in default. . . ." Likewise the trial court could have found that the loss suffered by the appellants when the respondents terminated the contract was a forfeiture or a loss in the nature of a forfeiture, and such findings, coupled with findings that the breach was neither wilful nor the product of gross negligence would have made proper a reinstatement of the contract upon equitable conditions, if that were still possible, and if not then the recovery by the appellants of such amounts of the payments made as lay within the area of forfeiture.

In addition to the foregoing, if the court had found that

the breach was wilful or grossly negligent so as to prevent equitable relief under section 3275 of the Civil Code there was still the duty of the court to go further and find whether or not the termination of the contract by the respondents for the appellants' default resulted in the unjust enrichment of the respondents. If such were the result then it would have been the duty of the court to give judgment for so much of the funds paid in as constituted unjust enrichment. (*Freedman* v. *Rector, W. & V. of St. Matthias Parish, supra.*) Upon this subject there was evidence that there remained unpaid upon the contract $14,915.51; that there were originally about 10,000,000 board feet of timber to be harvested under the contract by appellants; that appellants had harvested 1,416,074 feet of this; that the fire had destroyed 245,643 feet, making a total of timber withdrawn and burned of 1,661,717 feet, leaving 8,338,283 feet to be harvested; that this remaining timber had a gross value of $3.00 per thousand feet, adopting the stumpage value placed upon it by the contract, or double that amount if the most favorable testimony as to value be adopted. It is apparent that a situation was portrayed by the evidence which would have justified findings of unjust enrichment if relief could not be given through reinstatement of the contract, and it was therefore the duty of the court to proceed and find upon these matters and if it found unjust enrichment had resulted to give judgment for the amount thereof.

Count two of the plaintiffs' complaint was concerned essentially with allegations as to the damage caused by the fire and the liability of defendants therefor. Upon substantial evidence the court found defendants were not liable for the fire loss. The sufficiency of the evidence is conceded by plaintiffs. Further trial upon those issues, therefore, is unnecessary. The judgment is reversed insofar as it fails to adjudicate the issues of forfeiture, unjust enrichment and relief therefrom if they occurred, with directions to the trial court to proceed in accordance herewith, either upon evidence taken or such additional evidence as the parties with permission of the court may see fit to offer, and that thereupon the court completely dispose of the issues presented.

Adams, P. J., and Peek, J., concurred.

The opinion and judgment were modified to read as above printed on March 25, 1952.