[Civ. No. 23778. Third Dist. Jan. 31, 1985.]

CALIFORNIA LIVESTOCK PRODUCTION CREDIT ASSOCIATION, Plaintiff and Respondent, v.
HAROLD H. SUTFIN et al., Defendants and Appellants.

138

---

Richard L. Harriman for Defendants and Appellants.

Hefner, Stark & Marois, James M. Woodside and Judy R. Campos for Plaintiff and Respondent.

## OPINION

SIMS, J.—Defendants Harold H. Sutfin and Betty M. Sutfin appeal from a summary judgment awarding plaintiff California Livestock Production Credit Association possession of defendants' ranch. Plaintiff obtained title to defendants' ranch at a foreclosure sale on its deed of trust and brought the instant action to recover possession of the premises. The trial court rejected defendants' affirmative defenses that the foreclosure sale was conducted without proper notice to defendants and that plaintiff engaged in a retaliatory eviction.

On appeal defendants contend: (1) Civil Code section 2924g, subdivision (c)(1) required that written notice of sale pursuant to Civil Code section 2924f be given, because the sale had been postponed three times; (2) plaintiff had an implied duty to notify defendants of the date of the sale; and (3) the defense of retaliatory eviction is applicable to foreclosure-related evictions. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendants have engaged in rice production and cattle raising at their home ranch in Olivehurst since the 1950's. In 1976 defendants executed deeds of trust in favor of plaintiff as part of a plan to refinance their ranching operations. On May 28, 1981, defendants executed renewal promissory notes in favor of plaintiff, secured by the deeds of trust.

Defendants defaulted in the payment of the promissory notes, and on February 9, 1983, plaintiff instituted foreclosure proceedings against defendants' ranch property. On May 19, 1983, the successor trustee published notice that the property would be sold on June 16, 1983, at the offices of First American Title Insurance Company.

On June 16, 1983, defendants filed a chapter 11 bankruptcy petition in the Bankruptcy Court for the Eastern District of California. The petition operated as an automatic stay of the foreclosure sale. (11 U.S.C. § 362(a).)

On June 16, 1983, an employee of the successor trustee orally announced that, pursuant to the bankruptcy court stay, the sale was postponed to July

26, 1983, at the same location and hour. On July 26, 1983, the employee announced the sale was postponed to August 4, 1983. On August 4, 1983, the employee announced the sale was postponed to September 1, 1983.

On August 25, 1983, the bankruptcy court issued an order dissolving its automatic stay.

On September 1, 1983, the successor trustee sold the property to the highest bidder, plaintiff, for $400,000. The successor trustee executed a trustee's deed in favor of plaintiff, which was recorded on September 28, 1983.

On October 4, 1983, plaintiff served on defendants a three-day notice to quit. On October 11, 1983, plaintiff filed this action for unlawful detainer. Defendants' demurrer to the complaint was overruled by the trial court on November 7, 1983.

On November 15, 1983, defendants filed an answer alleging as affirmative defenses that plaintiff gave insufficient notice of the foreclosure sale and that plaintiff was engaging in a retaliatory eviction. Defendants alleged the eviction was in retaliation for defendant Harold Sutfin's exercise of his First Amendment rights in the form of his criticism of plaintiff's management.

On November 23, 1983, plaintiff filed a motion for summary judgment, together with declarations and points and authorities. On December 20, 1983, the trial court granted plaintiff's motion, and on December 27, 1983, judgment was entered for plaintiff. Defendants' motion for reconsideration was denied, and on February 15, 1984, defendants filed a timely notice of appeal.

### DISCUSSION

### I

Defendants' principal contention is that Civil Code section 2924g, subdivision (c)(1),[1] required plaintiff to give written notice of the September 1, 1983, trustee's sale. ■ ■■■ We disagree.[2]

---

[1] Statutory references are to the Civil Code unless otherwise indicated.

[2] Defendants are not precluded from raising this issue. Code of Civil Procedure section 1161a provides for summary unlawful detainer actions by purchasers at trustees' sales. That statute provides that its remedy is available "Where the property has been sold in accordance with Section 2924 of the Civil Code . . . and the title under the sale has been duly perfected." (§ 1161a, subd. (b)(3).) It has been held that the unlawful detainer defendant may litigate the issue of the purchaser's title to the limited extent that he may show title was not duly perfected under the statutes. (See *Cheney* v. *Trauzettel* (1937) 9 Cal.2d 158, 159 [69 P.2d 832]; *Evans* v. *Superior Court* (1977) 67 Cal.App.3d 162, 170-171 [136 Cal.Rptr. 596]; *Crummer* v. *Whitehead* (1964) 230 Cal.App.2d 264, 268 [40 Cal.Rptr. 826]; see 3 Witkin, Summary of Cal. Law (8th ed. 1973) Security Transactions in Real Property, § 114, pp. 1582-1583.)

██ Defendants rely on section 2924g, subdivision (c)(1), which provides in pertinent part that "There may be a maximum of three postponements of the sale proceedings pursuant to this subdivision. In the event that the sale proceedings are postponed three times, the scheduling of any further sale proceedings shall be preceded by the giving of a new notice of sale in the manner prescribed in Section 2924f." Defendants note that the sale was postponed three times, on June 16, July 26, and August 4, 1983.

Defendants overlook subdivision (c)(2) of section 2924g, which provides that "The trustee shall postpone the sale upon the order of any court of competent jurisdiction; or by operation of law; . . . *Any postponement pursuant to this paragraph shall not be a postponement for purposes of determining the maximum number of postponements permitted pursuant to this subdivision.*" (Italics added.)

Defendants acknowledge in their declaration that the bankruptcy court's automatic stay went into effect prior to the first postponement, on June 16, 1983, and continued in effect until dissolved on August 25, 1983, some time after the third postponement. The automatic stay imposed by a bankruptcy filing (11 U.S.C. § 362(a)) arises "by operation of law" within the meaning of section 2924g, subdivision (c)(2); thus, none of the postponements during the period of the bankruptcy court stay may be counted as postponements under subdivision (c)(1). Plaintiff was not required to provide written notice of the September 1, 1983, sale.

II

██ Defendants also contend that plaintiff had an implied duty to provide them or their bankruptcy counsel oral notice of the September 1, 1983, trustee's sale. Again, we disagree.

Section 2924g, subdivision (d), provides that "The notice of each postponement [of the trustee's sale] and the reason therefor shall be given by public declaration by the trustee at the time and place last appointed for sale. Such public declaration of the postponement shall also set forth the new date, time, and place of sale, which place of sale shall be the same place as originally fixed by the trustee for the sale. *No other notice of postponement need be given.* The trustee shall maintain records of each postponement and the reason therefor." (Italics added.) It is undisputed that the trustee gave the notice of postponement required by this statute. The

statute states unequivocally that no notice other than that specified need be given.

In *Lupertino* v. *Carbahal* (1973) 35 Cal.App.3d 742 [111 Cal.Rptr. 112] this court observed that "A cursory review of Civil Code section 2924 evidences a periodic and genuine concern by the Legislature to improve the opportunity for a trustor in default to receive actual notice of default and notice of sale. We pointedly emphasize, however, that Civil Code sections 2924-2924h, inclusive, do not require actual receipt by a trustor of a notice of default or notice of sale. They simply mandate certain procedural requirements reasonably calculated to inform those who may be affected by a foreclosure sale and who have requested notice in the statutory manner that a default has occurred and a foreclosure sale is imminent." (Pp. 746-747.) In *Lopez* v. *Bell* (1962) 207 Cal.App.2d 394 [24 Cal.Rptr. 626] it was held that " 'The only requirements of notice of sale essential to the validity of a sale . . . are those expressly and specifically prescribed by the terms of the instrument and by the provisions of the applicable statutes.' " (*Id.*, at p. 397, quoting *Lancaster Security Inv. Corp.* v. *Kessler* (1958) 159 Cal.App.2d 649, 652 [324 P.2d 634].) Plaintiff has complied with the statutory provisions governing notice of the trustee's sale; the Legislature has determined that no further notice is required, and this court declines to hold otherwise.

### III

Defendants finally contend they are entitled to raise the defense of retaliatory eviction in this unlawful detainer proceeding brought under Code of Civil Procedure section 1161a. Defendants contend their *eviction* is premised on defendant Harold Sutfin's criticism of plaintiff's management and that plaintiff should not be permitted to evict them as punishment for exercising First Amendment rights of free speech. Defendants concede they defaulted under the deed of trust and do not contend that, but for Harold Sutfin's criticisms, plaintiff would not have foreclosed. Defendants contend the eviction itself, rather than the foreclosure, was "retaliatory."

We need not consider whether such a defense might be available to challenge the purchaser's perfection of title. (See fn. 2, *ante.*) It is clear that where, as here, the foreclosure was valid and the purchaser's title was lawfully perfected, the defense of retaliatory eviction is unavailable.

Our Supreme Court recently noted that the defense of "retaliatory eviction" has been firmly ensconced in this state's statutory law and judicial decisions for many years.[3] (*Barela* v. *Superior Court* (1981) 30 Cal.3d 244, 249 [178 Cal.Rptr. 618, 636 P.2d 582]; see § 1942.5; *S.P. Growers Assn.* v. *Rodriguez* (1976) 17 Cal.3d 719, 724 [131 Cal.Rptr. 761, 552 P.2d 721].) ■ "It is settled that a landlord may be precluded from evicting a tenant in retaliation for certain kinds of lawful activities of the tenant. As a landlord has no right to possession when he seeks it for such an invalid reason, a tenant may raise the defense of retaliatory eviction in an unlawful detainer proceeding." (*S.P. Growers, supra,* 17 Cal.3d at p. 724.) Our high court went on to note that the landlord, having entered into the landlord-tenant relationship (see § 1925), may not subsequently evict a tenant for an invalid reason. (*S.P. Growers, supra,* at p. 730; see 3 Witkin, Summary of Cal. Law (8th ed. 1973) Real Property, § 533, pp. 2204-2207.)

■ A crucial premise underlying the "retaliatory eviction" doctrine and the tenant's right to raise the issue in an unlawful detainer proceeding is that, but for the landlord's "invalid reason" for the eviction, the tenant would be entitled to remain in possession of the premises pursuant to the underlying lease or rental agreement. In the case of evictions following valid foreclosure sales, however, there is no antecedent landlord-tenant relationship between the trustor and the purchaser. There is no lease or rental agreement entitling the trustor to remain in possession of the premises; the trustor's only right to possession is based on his title to the premises, which has been lost at a valid foreclosure sale. Thus, even if the purchaser were precluded from using an "invalid reason" for eviction, the trustor would still have no lawful claim to continued possession. It is well established that issues unrelated to the right of possession may not be litigated in a summary unlawful detainer proceeding. (*Barela* v. *Superior Court, supra,* 30 Cal.3d at p. 249; *S.P. Growers Assn.* v. *Rodriguez, supra,* 17 Cal.3d at pp. 723-724.) As we noted above, defendants conceded they were in default under the deeds of trust; we have previously rejected their assertions that the foreclosure was unlawful. Since defendants' defense of "retaliatory eviction," even if successful, would not have established their right to remain in possession, the defense must fail and summary judgment was properly entered for plaintiffs. (See *Witt* v. *Union Oil Co.* (1979) 99 Cal.App.3d 435, 440 [160 Cal.Rptr. 285].)

---

[3]The retaliatory eviction defense in actions between lessors and lessees is set forth in Civil Code section 1942.5. However, that statute provides remedies that are in addition to remedies provided by decisional common law. (§ 1942.5, subd. (h); *Barela* v. *Superior Court, supra,* 30 Cal.3d at pp. 250-251.) Therefore, the statute does not limit the defense to lessor-lessee relationships.

## DISPOSITION

The judgment is affirmed.

Regan, Acting P. J., and Carr, J., concurred.