Filed 2/27/14  Asphalt Professionals v. Emaron Homes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ASPHALT PROFESSIONALS, INC., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> EMARON HOMES, LLC et al., <br><br> Defendants and Appellants. | 2d Civil No. B248837 <br> (Super. Ct. No. SC044181) <br> (Ventura County) |

> Defendants Emaron Homes, LLC, Fairland Construction, Inc., and Real Estate Spectrum, Inc. (hereafter appellants) appeal orders denying their motion for attorney fees after they prevailed on a bifurcated phase of this case against plaintiff Asphalt Professionals, Inc. (API).  The trial court ruled their motion was untimely.  Appellants filed a motion for relief under Code of Civil Procedure section 473 based on their counsel's mistake about the court's procedure involving the timing of attorney fee motions.[1]  The court denied relief.  We conclude, among other things, that appellants' motion for attorney fees was not untimely; and 2) alternatively, the trial court should have granted relief to appellants under section 473.  We reverse.

FACTS

> API filed an action against T.O. IX, LLC, the appellants and other defendants.  It alleged causes of action for breach of a construction contract, quantum

_____

[1] All statutory references are to the Code of Civil Procedure.

meruit and fraud involving services API provided on a T.O. IX housing development project. It alleged the appellants were alter egos of T.O. IX and other defendants.

The trial court bifurcated the case into three phases: phase one--breach of contract and quantum meruit causes of action; phase two--whether the appellants and other defendants were alter egos of T.O. IX and others; phase three--fraud causes of action. The fraud causes of action remain to be tried. Appellants allege that "[w]hile named as parties in Phase III, there is no evidence that [they] ever made any representation" to API.

In 2010, API prevailed against T.O. IX on phase one. Appellants' counsel represented the defendants who were alleged to be alter egos on phase two of the case. They included the three current appellants.

On December 23, 2011, the trial court found some of the defendants were alter egos, but appellants were not. Appellants' counsel appealed on behalf of the defendants found to be alter egos.

On December 19, 2012, we reversed the judgment that found defendants Regina Leon and the Leon Family Trust to be alter egos. On January 18, 2013, we modified our opinion and also reversed as to defendant Regina Leon in her capacity as the trustee of the Leon Family Trust.

On January 23, 2013, appellants' counsel filed a motion for attorney fees in the trial court for the three defendants who prevailed on appeal. He also sought attorney fees for the current appellants who had also prevailed on the alter ego issue in the trial court.

The trial court awarded attorney fees for the defendants who prevailed on appeal.

The trial court denied the current appellants attorney fees. It ruled their fee motion was untimely. It referred to an earlier proceeding in 2010. It found appellants were bound by a procedure to determine attorney fees to which they had agreed. At that hearing, API's attorney asked the court whether API could file a motion for attorney fees after prevailing on phase one of the case. He was concerned that another judge would try

2

a different phase of the case. He wanted the current trial judge to decide the phase one attorney fee issues.

The trial court said, "[N]ormally when there's a judgment, there's a final judgment that covers everything, but it doesn't. And so then the question is a procedural one, and that is whether Mr. Bowen [API's attorney] should make his motion now or wait until the whole case is over, which he would probably have the right to do if we did it, you know, the normal way." The court ruled API could file its motion and "that's without prejudice to any attorney fee issues that arise after that." It said, "We'll just let him make his motion now . . . ." It then asked, "Is that acceptable?" Appellants' counsel replied, "Yes."

Appellants filed a motion for relief under section 473. In his declaration, appellants' attorney said he relied on the trial court's statements at the 2010 hearing regarding when attorney fee motions could be filed. He interpreted those remarks to mean "the Court was allowing an option to either bring such motions on an interim basis or wait until the end of the entire case." He did not believe there was any agreement or order that "each phase would be treated as its own separate case with its own separate judgment." He thought the court intended a flexible procedure where such motions could be filed after each phase or "they could be brought later as well."

The trial court denied the motion. The court said after phase one, at the 2010 hearing, that it "proposed without objection that attorney fees and costs incurred on Phase I would be subject to immediate hearing and review"; that appellants' counsel agreed to that procedure at that hearing; and that consequently appellants were "estopped" to deny that agreement. It ruled: 1) because of that agreement, the standard procedure that fees may be sought after the final judgment did not apply; 2) counsel "inadvertently" erred, but relief under section 473 would be denied; and 3) the Court of Appeal approved the 2010 "agreed-upon protocol." It concluded the time to file the attorney fee motion expired while this case was on appeal.

3

DISCUSSION

*Attorney Fee Motion*

Appellants contend the trial court erred by not reaching the merits of their attorney fee motion. They claim they did not forfeit their right to receive counsel fees and their motion should not have been dismissed as untimely. We agree.

Motions for attorney fees are normally filed at the end of the case after the entry of the final judgment in the action. (*Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 468 ["The history of [California Rules of Court] rule 3.1702 indicates that the 'outside' time limit for claiming prejudgment statutory attorney fees was intended to be entry of a final judgment--not entry of a prejudgment appealable order"]; see also *Green v. Mt. Diablo Hospital Dist.* (1989) 207 Cal.App.3d 63, 77; *Citizens Against Rent Control v. City of Berkeley* (1986) 181 Cal.App.3d 213, 226; Cal. Rules of Court, rules 3.1702, 8.104.)

But in complex cases, as here, the trial court may bifurcate issues and causes of action. (§ 598; *Cottle v. Superior Court* (1992) 3 Cal.App.4th 1367, 1380.) It may allow attorney fee motions to be filed at various stages of the bifurcated case prior to the final judgment. (*Sundance v. Municipal Court* (1987) 192 Cal.App.3d 268, 271.) But any procedure the court selects must be consistent with fairness and "the constitutional rights of the litigants." (*In re Amber S.* (1993) 15 Cal.App.4th 1260, 1264-1265.)

Here API prevailed on the first bifurcated phase. API's counsel asked whether *it could seek attorney fees* for phase one. The court indicated it could either: 1) seek fees immediately or 2) wait until the end of the case and seek fees after a final judgment. API selected the first alternative because of its concern that different judges might try the different phases of this action. Appellants did not object and the court approved this option for API.

But the trial court's ruling was permissive. It did not preclude appellants from seeking fees at the end of the case. Nor did it advise them that not seeking fees at the end of an interim phase would forfeit the right to fees. Appellants prevailed on the alter ego phase, but that was not the final judgment. They filed their motion within one

4

week of our modified opinion on the alter ego issue appeal.  Because there was no final judgment, the motion was filed within the time limits for an attorney fee motion. (*Carpenter v. Jack in the Box Corp.*, *supra*, 151 Cal.App.4th at p. 468.)

The trial court ruled the parties had agreed at the 2010 hearing that fee motions would be filed after each phase of the case or forfeited.  But the record does not reflect that there was such an agreement.  The parties advance different positions citing the same portion of the 2010 transcript.  But the issue there only involved whether API's counsel could make the motion after phase one.  The court said, "[T]he question is a procedural one, and that is *whether Mr. Bowen* [API's counsel] *should make his motion now* or wait until the whole case is over . . . .  *And then that's without prejudice to any attorney fee issues that arise after that.*"  (Italics added.)  The court asked, "Is that acceptable?"  Appellants' trial counsel replied, "Yes."

Consequently, the only agreement was that API could file its motion after phase one.  The ruling was "without prejudice" to subsequent attorney fee issues.  The trial court did not require appellants to make an election of remedies on attorney fees at that hearing.  The procedure they would use was not in issue.  The court ruled appellants forfeited their right to fees.  But it had to give notice before creating new procedures that could forfeit a party's rights.  (*Anderson v. Superior Court* (1989) 213 Cal.App.3d 1321, 1331.)  That did not happen.  The "'law looks unfavorably upon forfeitures'" (*Lopez v. Bell* (1962) 207 Cal.App.2d 394, 398) and novel procedures that undermine a party's rights (*Anderson*, at p. 1331; *In re Amber S.*, *supra*, 15 Cal.App.4th at pp. 1264-1265).  The procedures the court adopts should apply equally to all parties.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)  But as appellants note, API received a choice of remedies; appellants were denied that choice.  Instead of procedural parity, a voluntary option for API silently mutated into a mandatory requirement for appellants, and they were found to be bound by an agreement they did not make.

The trial court suggested this court had ruled that appellants were bound by the 2010 "agreed-upon protocol."  But the issue regarding the procedure for these

5

appellants was not raised on prior appeals on this case. Moreover, the appellate record does not show such a 2010 agreement for these appellants.

But even if appellants' counsel erred regarding the procedure the trial court intended, a reversal is required for another reason.

*Relief for Counsel's Error*

Appellants contend that even if their counsel misinterpreted the trial court's remarks, they were entitled to relief under section 473 from their counsel's error. They claim the court erred by denying their 473 motion. We agree.

"Section 473 permits a party or the party's legal representative to be relieved from the consequences of mistake, inadvertence, surprise, or neglect." (*Lorenz v. Commercial Acceptance Ins. Co.* (1995) 40 Cal.App.4th 981, 989.) "[It] also includes an 'attorney affidavit' provision. Under this provision, a party is relieved from the consequences of his or her *attorney's* mistake, inadvertence, surprise, or *neglect*." (*Ibid.*) "Relief is available regardless of whether the attorney's neglect is excusable." (*Ibid.*) "[I]f the requirements of this provision are met, then relief is *mandatory*." (*Ibid.*)

"The purpose of the attorney affidavit provision 'is to relieve the innocent client of the burden of the attorney's fault, to impose the burden on the erring attorney, and to avoid precipitating more litigation in the form of malpractice suits.'" (*Hu v. Fang* (2002) 104 Cal.App.4th 61, 64.)

"[A]n attorney's failure to meet a procedural deadline is a proper subject of section 473 relief." (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 229.) Consequently, clients have obtained relief where "the motion for attorney fees" was a "late filing" due to counsel's error. (*Lewow v. Surfside III Condominium Owners Assn., Inc.* (2012) 203 Cal.App.4th 128, 134.) "'It is settled that an honest and reasonable mistake of law on such an issue is excusable and constitutes good cause for relief from default under Code of Civil Procedure section 473.'" (*Id.* at pp. 135-136; *Lee v. Wells Fargo Bank* (2001) 88 Cal.App.4th 1187, 1199 [time limits for filing attorney fee motions are not jurisdictional bars to section 473 relief]; see also 2 Pearl, Cal. Attorney Fee Awards (Cont.Ed.Bar 3d ed. 2013) § 11.40, p. 670 [section 473 relief is available

6

where the fee motion is not timely under California Rules of Court, rule 3.1702 and the six-month time limit "begins to run when the trial court rules that the fee motion is untimely"].)

In his declaration, appellants' counsel said, "I had a good faith understanding that the Court's pronouncement that although fee and costs motions are normally brought at the end of the trial, the Court was allowing an option to either bring such motions on an interim basis or wait until the end of the entire case." He believed the court was ruling "that if such motions were brought now, they could be brought later as well." He said, "There was no stipulation . . . or any official order by the Court that each phase would be treated as its own separate case with its own separate judgment." He said he considered the option of waiting to file the motion at the end of the case. "[B]ut as it became evident that a substantial length of time would pass before all phases were complete, Moving Defendants opted to bring their fee motion. [B]ecause of the transfer of the case to a new Judge, the Defendants decided to bring the fee motion in front of the Judge with the most experience with the case to that point."

API claims it understood the trial court's remarks to mean that all parties' requests for attorney fees were forfeited if they were not requested at the end of each phase of the bifurcated case. But it has not shown why appellants' counsel could not have reasonably interpreted those remarks differently. Even if counsel were mistaken, API has not shown why appellants should be denied relief under section 473. (*Lorenz v. Commercial Acceptance Ins. Co.*, *supra*, 40 Cal.App.4th at p. 989.)

*API's Motion for Sanctions on Appeal*

API filed a motion for sanctions against appellants and their counsel and seeks $72,184.66 for fees and costs. API alleges: 1) appellants' counsel filed this appeal solely as a delay tactic to prevent a trial on phase three, 2) this appeal is frivolous, and 3) counsel have engaged in a series of other acts of misconduct throughout this case. Appellants' counsel deny these allegations.

This appeal is meritorious. There is no evidence that it was filed for delay or for any improper purpose. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)

The conduct of appellants' counsel on this appeal has been professional. API implicitly asks for fact findings on matters not part of the record and without showing why such issues were not first raised in the trial court. It has not filed the proper motion for considering new evidence, nor has it met the standard required to request appellate fact finding. (§ 909; Cal. Rules of Court, rule 8.252; *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1220, fn. 4; *In re Zeth S.* (2003) 31 Cal.4th 396, 408, fn. 5.) It has not produced an adequate factual record to support its remaining allegations. The motion for sanctions is denied.

*Appellants' Written Objections*

Appellants have filed objections to API's statement of facts. The objections are denied. This document filed on December 24, 2013, is an incomplete motion (Cal. Rules of Court, rule 8.54(a)(2)), and there is no showing why the objections should not be raised in a reply brief.

DISPOSITION

The orders denying appellants' motion for attorney fees and section 473 relief are reversed. The matter is remanded to the trial court for further proceedings. Costs on appeal are awarded in favor of appellants.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:



YEGAN, J.



PERREN, J.

8

Glen M. Reiser, Judge

Superior Court County of Ventura

_____


Semper Law Group, LLP, Leonard M. Tavera; Henrichs Law Firm, PC, John D. Henrichs for Defendants and Appellants.


Law Offices of Ray B. Bowen, Jr., Ray B. Bowen, Jr. for Plaintiff and Respondent.